

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00012-CR

John Adonis-Hercule **BRACY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2019-CR-8524
Honorable Frank J. Castro, Judge Presiding

PER CURIAM

Sitting:      Irene Rios, Justice
              Beth Watkins, Justice
              Liza A. Rodriguez, Justice

Delivered and Filed: April 6, 2022

DISMISSED

Pursuant to a plea-bargain agreement, John Adonis-Hercule Bracy pleaded nolo contendere to two counts of sexual assault of a child and, in accordance with the terms of his plea-bargain agreement, was sentenced to two twelve-year terms of imprisonment to run concurrently. On October 18, 2021, the trial court signed a certification of defendant's right to appeal stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). After Bracy filed a notice of appeal, the trial court clerk sent copies of the certification and notice

of appeal to this court. *See id.* 25.2(e). The clerk's record, which includes the trial court's certification, has been filed. *See id.* 25.2(d).

"In a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." *Id.* 25.2(a)(2). The clerk's record, which contains a written plea bargain, establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by Bracy. *See id.* The clerk's record does not include a written motion filed and ruled upon before trial; nor does it indicate that the trial court gave its permission to appeal. *See id.* Thus, the trial court's certification appears to accurately reflect that this is a plea-bargain case and that Bracy does not have a right to appeal. We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record . . . ." *Id.* 25.2(d).

We informed Bracy that this appeal would be dismissed pursuant to rule 25.2(d) of the Texas Rule of Appellate Procedure unless an amended trial court certification showing that Bracy had the right to appeal was made part of the appellate record. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174, 177 (Tex. App.—San Antonio 2003, order). No such amended trial court certification has been filed. Therefore, this appeal is dismissed pursuant to rule 25.2(d) of the Texas Rules of Appellate Procedure.

PER CURIAM

DO NOT PUBLISH